UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL VANDYKE and
DENEE VANDYKE, individually
and jointly,

Plaintiffs,

v.                                                    CASE NO.: 8:10-cv-1106-T-17AEP

HILLSBOROUGH COUNTY, FLORIDA,
A political subdivision of the State of Florida,

Defendant,

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT

THIS CAUSE is before the Court on Defendant's, HILLSBOROUGH COUNTY, Motion

to Dismiss the Amended Complaint (Doc. 10). Plaintiffs', MICHAEL VANDYKE and DENEE

T. VANDYKE, individually and jointly (collectively the "VanDykes"), response and request for

oral argument (Doc. 17). For The reasons stated below, Defendant's Motion to Dismiss the

Plaintiff's Amended Complaint is **GRANTED** and Plaintiffs' request for Oral Argument is

**DENIED.**

## BACKGROUND AND PROCEDURAL HISTORY

This dispute arises from a construction permit dispute between the Plaintiffs (VanDykes)

and Defendant (Hillsborough County). The Defendant, Hillsborough County, is a County, within

the State of Florida, which issues construction permits as one of its duties as a governmental

entity. Plaintiffs, the VanDykes, are Florida residents who own a home in Hillsborough County.

Plaintiffs came into contact with the Defendant regarding this suit when they applied for a permit

to build on their existing home. Shortly thereafter, Plaintiffs brought suit against the Defendant for allegedly failing to act reasonably on the Plaintiff's Administrative Complaint regarding the building permit and failing to adhere to the duty of care standard owed to the public. Plaintiffs argue that these failures to act by Defendant resulted in Plaintiffs suffering damages. Plaintiffs argue that the construction contract that they entered into with Countrywide Builders Inc. (not a party to this lawsuit; herein, "Countrywide") was substantially affected when Defendant failed to take actions that were in their discretion as a governmental entity.

Plaintiffs allege that the building permit issued by the County on January 4, 2006 was never inspected or observed by the building inspector until November 13, 2006. Plaintiffs allege that because of this roof defects, modifications and deviations described caused structural defects and deficiencies at the Plaintiffs' residence. Although Plaintiffs admit that work constructed by Countrywide was outside the scope of the approved plans issued by the County and outside the scope of the contracted plans between Countrywide and Plaintiffs, the Plaintiffs believe the County is responsible for the damages incurred.

Plaintiffs state that Countrywide abandoned the construction project on or about June 22, 2006. Thereafter, on or about July 19, 2006, Countrywide requested that the County cancel the building permit, and that it be removed from the permit due to lack of payment by the Plaintiffs. The request was thereafter granted. On or about August 8, 2006, the Plaintiffs filed an Administrative Complaint objecting to Countrywide's request. Plaintiffs objected to the County's decision to remove Countrywide from the permit because they did not complete the build and had caused damage to Plaintiffs' residence. Plaintiffs admit that the County did not have the power to act as a court of law, arbitrator, or mediator relative to the payment issue between Plaintiffs' and Countrywide.

Plaintiffs originally filed in state court, where the first pleading was dismissed by the state court judge. Plaintiffs thereafter amended their pleading, adding two federal claims that are now before this court in the third amended complaint (Doc. 8).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleadings are held to minimal requirements and may not simply consist of "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 557 (2007). Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "factual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. This plausibility requirement set forth in Twombly requires the allegations to be more than merely conceivable. Id. at 570.

A complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of circumstances that would entitle her to relief." Conley v. Givson, 355 U.S. 41, 45-46 (1957). This court shall limit its considerations to the pleadings and considerations of the pleadings shall be viewed in the light most favorable to the plaintiff. Ill. Ex. Ret. Madigan v. Telemarketing Assoc. Inc., 538 U.S. 600, 618 (2003). In ruling on state-law claims, such as the negligence claim in Count I in the case at bar, the Court must follow the state's standard, that is, Florida Law. Erie R.R. v. Tompkins, 304 U.S. 64,78 (1938).

## DISCUSSION

### 1. Count I: State Claim for Negligence

Plaintiffs allege that the Defendant is responsible for acts and omissions that have directly and proximately caused the Plaintiffs' to suffer damages. The Defendant has correctly stated the standard for sovereign immunity, as interpreted in Trianon Park v. City of Hialeah, 468 So.2d 912 (Fla. 1985). "The government," which includes Counties of Florida, "has no responsibility to protect… or ensure the quality of buildings that individuals erect or purchase." Trianon Park at 923. As such the County's responsibility and even liability does not extend to this situation.

Although the Plaintiffs' argue a different interpretation of Trianon Park and Section 768.28 of the Florida Statutes, this argument fails. Plaintiffs argue that the County's acts or omissions were operational rather than discretionary. This argument fails because the plaintiffs do not meet the burden of showing defendant is not entitled to qualified immunity. When a party is determined to be entitled to qualified immunity, the burden shifts to the plaintiff to show "first, that the facts viewed in light most favorable to the plaintiff establish a constitutional violation by the defendant; and, second, that the unlawfulness of the defendant's actions were 'clearly established' at the time of the incident." Poulakis v. Rogers, 341 Fed. Appx. 523,525 (11th Cir. 2009). Plaintiffs have failed to show an outlined unlawful act or omission, let alone acts or omissions that were clearly established at the time of the incident.

For reasons stated above, Plaintiffs have failed to state a claim for which relief may be provided. Additionally the evidence provided, taken in the light most favorable to the plaintiffs, does not suggest the alleged unlawfulness of the Defendant's actions or omissions were clearly established at the time of the incident.

### 2. Count II and III: Due Process and Takings Claim

Plaintiffs have relied on the allegation that Defendant's acts or omissions have resulted in damages as a basis for a Due Process claim and a Takings claim under the Federal Constitution. The Plaintiffs have arrived at this conclusion because they believe they have been completely deprived of their home and that there is no alternative means to correct this wrong. Although the Plaintiffs argue generally the Due Process Clause and Taking Clause, their reliance on each clause is not accurate and subsequently fails to adhere to Rule 8 of the Federal Rules of Civil Procedure because neither claim meets the minimum requirements.

Rule 8(a)(2) requires "a showing, rather than a blanket assertion of entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). This demand requires grounds entitling a party to relief by specifying more than conclusions or reciting the elements of a cause of action. Id. at 1964-65. Although the Plaintiffs have attempted to specify with detail as to demand under each claim, the Plaintiffs ultimately fail to allege precisely how Hillsborough County, and not the party to the construction contract, are ultimately responsible for loss to market and sell property.

Despite this, both of Defendant's alternative arguments to both Counts II and III suffice for another issue with the Plaintiffs' Amended Complaint. As to the Due Process claim, the Plaintiffs' alleged that the Defendant, Hillsborough County, is responsible for depriving Plaintiff of their property and life safety. On its face this claim fails as a matter of law. There is no substantive due process right invoked by virtue of granting a building permit. Although Plaintiffs argue that "rights that are implicit in the concept of ordered liberty" are protected, it still fails to apply to this case.

"The basic procedural due process analysis is a two-step inquiry. First, the court determines whether there is a recognized life, liberty, or property interest. Almost all of these interests, particularly the liberty and property interests, have their source entirely in state law. Second, the court determines how much process, if any, is due and when (for example, prior to or after the deprivation) it must be provided. Then, by comparison of the facts presented by the individual case to this standard, the court determines whether there has been a procedural due process violation." Collins & Co. v. City of Jacksonville, 38 F. Supp. 2d 1338, 1344 (M.D. Fla. 1998)

The first issue is whether Plaintiffs have alleged a recognized interest, and as stated in their complaint the interest at issue is in the building permit issued by Hillsborough County. As stated concisely in Collins, "Real property rights are not fundamental rights within the protection of the substantive component of the due process clause." Id at 1334.

Assuming that Plaintiffs' interests were not protected, the second inquiry of whether there has been a procedural due process violation will not help the Plaintiffs argument. Plaintiffs have already explained in their complaint the procedural process for which they initially filed with the County. Not only did plaintiffs bring an Administrative Complaint, which was ultimately denied, but they also filed in a complaint in State Court, which was dismissed, regarding this same issue. Plaintiffs also state that this action before the Court, despite how it is concluded, still allows Plaintiffs an ability to seek an Inverse Condemnation proceeding in State Court. Furthermore, Plaintiffs must show that their Inverse Condemnation claim is ripe. Estate of Himelstein v. Ft. Wayne, 898 F.2d 573, 576 (7th Cir. Ind. 1990) (stating a federal takings claim is not ripe until it is apparent that the state does not intend to pay compensation.)

Notwithstanding Plaintiffs' statement in their response to the motion to dismiss their third amended complaint, stating they have the ability to seek recourse through a State claim of Inverse Condemnation, Plaintiffs argue this is a different Federal question pursuant to 28 U.S.C. §1367.

"A § 1983 claim does, indeed, require an allegation that some state actor deprived a plaintiff of a federal right. But, in order to state such a claim sufficiently, a plaintiff must allege facts that, if believed, would show that a federal right was actually violated. 42 U.S.C. § 1983 confers no substantive federal rights; rather, it is a remedial provision designed to afford redress for state deprivation of federal rights. Hence, no § 1983 action can be maintained until a federal right has actually been violated." Id. at 575.

Since this Court concludes that Plaintiffs were given a complaint, a hearing in state court, and that there exists adequate post-deprivation State law remedies, by which Plaintiffs may still pursue, there is no need address this any further within the terms of the United States Constitution or under Federal Laws for that matter. Therefore, this Court must grant the motion to dismiss and deny Plaintiffs' request for oral argument. Accordingly it is:

**ORDERED** that Hillsborough County's Federal Rule of Civil Procedure 12(b)(6) Motion for Dismissal (Doc. 18) be **GRANTED** with prejudice for Counts I,II and III of Plaintiff's amended complaint and Plaintiffs' motions be **DENIED**. The Clerk of Court Shall enter judgment for the Defendant and against the Plaintiffs and shall close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 18th day of October, 2011.

ELIZABETH A KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record